JANET HEROLD
Regional Solicitor
DANIEL CHASEK
Associate Regional Solicitor
ANDREW J. SCHULTZ
Senior Trial Attorney (CSBN 237231)
NISHA PAREKH,
Trial Attorney (CSBN 318393)
Office of the Solicitor
United States Department of Labor
350 South Figueroa Street, Suite 370
Los Angeles, CA 90071
Telephone: (213) 894-3990
Facsimile: (213) 894-2064
Email: parekh.nisha@dol.gov

Attorneys for the Plaintiff

JS-6

FILED
CLERK, U.S. DISTRICT COURT
May 7, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_VPC\_\_\_\_ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>                  Plaintiff,<br><br>           v.<br><br>**Castle Recycling Corp.,** doing business as Venus Recycling;<br>**Adrian Barba Ramirez**, individually, and doing business as Star Recycling;<br>**Ivan Santos Molina,** individually;<br><br>                  Defendants. | Case No. 2:18-cv-03630 SJO (JPRx)<br><br>[Proposed] CONSENT JUDGMENT AND ORDER |

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants, Castle Recycling Corp., Adrian Barba Ramirez, and Ivan Santos Molina (collectively "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

**CONSENT JUDGMENT** Page 1 of 16

A. The Secretary has filed a Complaint alleging that Defendants violated provisions of sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207, 211(c), 215(a)(2) and 215(a)(5) by: (1) scheduling employees to work for more than forty hours per week without compensating said employees for time worked in excess of 40 hours per week at rates not less than one and one-half times the regular rates at which they were employed; and (2) failing to maintain and preserve records to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek.

B. Defendants waive issuance and service of process, and waive their right to answer and any present any defenses to the Secretary's Complaint.

C. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

D. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

E. Defendant Castle Recycling Corp. is doing business as Venus Recycling and Defendant Adrian Barba Ramirez is doing business as Star Recycling.

F. Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee or retaliating against any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

G. Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction (including but not limited to managers or supervisors at Defendants' recycling facilities) have notice of, and understand, the provisions of this Consent Judgment.

///

## INJUNCTION

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5), in any of the following manners:

1. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

2. Defendants shall not fail or refuse to aggregate the hours of employees who work at Star Recycling and Venus Recycling in the same workweek for purposes of computing overtime pay due if they jointly employ workers or if they operate as a single enterprise.

3. Defendants shall not fail to make, keep, preserve, and make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, records of employees and records of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

///

4. Within 10 days of the entry of this Judgment Defendants shall supply all of their employees at the recycling facilities with copies of the attached Exhibit B, which summarizes, in English and Spanish, terms of this Judgment and the employees' rights under the FLSA. In addition, Defendants shall provide copies of Exhibit B to any new hires. This provision shall be in effect for a period of two years from the date of entry of this Judgment by the Court.

## MONIES DUE

5. IT IS FURTHER ORDERED AND ADJUDGED that Defendants, jointly and severally, shall not continue to withhold the payment of $31,365.30 in overtime pay hereby found to be due under the FLSA to ten employees, as a result of their employment by Defendants during the period of October 27, 2014 through October 27, 2017 ("back wage accrual period") as set forth in the attached Exhibit A, showing the name of each employee and listing on the same line the gross back wage amount due the employee and the period covered by the Consent Judgment.

6. The plaintiff shall also have and recover from the defendants, jointly and severally, the additional amount of $31,365.30 as liquidated damages hereby found to be due under the FLSA.

## PAYMENT

7. To accomplish the requirements of Paragraphs 5 and 6, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 915 Wilshire Blvd, Suite 960, Los Angeles, CA 90017, addressed to Kimchi Bui, District Director, the following:

    a. Within ten (10) days of the Court's approval of this Consent Judgment, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, Attn: District Director Kimchi Bui, 915 Wilshire Blvd, Suite 960, Los Angeles, CA 90017, or Bui.Kimchi@dol.gov, a schedule containing: (1) the employer's name, employer identification number(s), employer addresses and telephone numbers, and (2) for each employee listed in the attached

Exhibit B, if known, the employee's last known home address, email address, Social Security number, home telephone number, and mobile telephone number.

b. Within ten (10) days of the Court's approval of this Consent Judgment, Defendants shall deliver to the Secretary a check for full payment of the liquidated damages payable to the order of the "Wage & Hour Div., Labor." The check shall be for $31,365.30, and shall have the words "CS-LDs" written thereon. All checks must be sent by U.S. Mail or hand delivered to:

    Attn: District Director Kimchi Bui

    U.S. Department of Labor

    Wage Hour Division,

    915 Wilshire Blvd, Suite 960

    Los Angeles, CA 90017

c. Beginning on June 1, 2018 and continuing thereafter each month (on the first of the month) for four consecutive months, Defendants shall make the payments toward back wages owed under this Order, by delivering a monthly check in the amount of $5,227.55 as set forth in the attached Exhibit "C" and made payable to the order of the "Wage & Hour Div., Labor" with the words "CS-BWs" written thereon and delivering it to the address above. Defendants shall refer to the attached Exhibit C for the amounts and due dates of each of the six monthly payments.

d. On November 1, 2018, Defendants shall deliver to the Secretary two checks, both payable to the order of "Wage & Hour Div., Labor" and delivered to the address above. The first check, for the final back wage payment owed, shall be for $5,227.55 and shall have the words "CS-BWs" written thereon. The second check, for payment of the civil money penalty assessed against the defendants for overtime pay violations, shall be for $2,748.00 and shall have the words "OT/CMP" written thereon.

///

    e.  All checks shall be accompanied by a letter identifying the case name as <u>Acosta v. Castle Recycling Corp., *et. al.*</u> and include the employers' tax identification number.

  8.  The Secretary shall allocate and distribute the monies paid by Defendants under this Judgment to the employees identified in Exhibit A attached hereto or their estates if necessary, in his sole discretion. The Secretary shall make the required legal deductions for the employee's portion of Social Security and federal income tax withholding, and remit these amounts to the appropriate government agencies. Any money not distributed to employees within a period of three years from the date of the Secretary's receipt of a payment, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States as miscellaneous receipts pursuant to 29 U.S.C. § 216(c).

  9.  Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from any of the employees listed on the attached Exhibit A. Defendants shall not threaten or imply that adverse action will be taken against any employee because of the employee's receipt of funds due under this Judgment. Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

  10.  Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way violate Sections 11(a) or 15(a)(3) of the FLSA, 29 U.S.C. §§ 211(a) and 215(a)(3). Defendants shall not terminate, threaten to terminate, or imply that any employee will be terminated, reduce the work hours, threaten to reduce the work hours, or imply that work hours will be reduced, or retaliate or discriminate against any employee in any other way because the employee has complained about violations of the FLSA, or because Defendants believe the employee has complained to the Secretary or cooperated in any way with an investigation by the Secretary.

IT IS FURTHER ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA§ 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A nor as to any employee named on the attached Exhibit A for any period not specified therein; and,

IT IS FURTHER ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and,

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: May 7, 2018.

*S. James Otero*

_____
S. James Otero
United States District Judge

For the Defendants:
The Defendants consent to the entry of this Judgment, and waive notice by the Clerk of Court:

For Adrian Barba Ramirez, d/b/a Star Recycling

By: _____    _____
     Adrian Barba Ramirez, Individually     Date

For Castle Recycling Corp., d/b/a Venus Recycling

By: _____    _____
     Ivan Santos Molina     Date

Its: Owner

For Ivan Santos Molina

By: _____    _____
     Ivan Santos Molina, Individually     Date

Attorney for Defendants

Jonathan S. Vick, Esq.

Approved as to Form only.

_____     _____
Jonathan S. Vick, Esq.                                      Date
Atkinson, Andelson, Loya, Ruud & Romo
12800 Center Court Drive
Suite 300
Cerritos, California 90703
(562) 653-3200

For the Plaintiff:

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL CHASEK
Associate Regional Solicitor

ANDREW J. SCHULTZ
Senior Trial Attorney


_____        _____
NISHA PAREKH                             Dated:
Trial Attorney

Attorneys for the Plaintiff
U.S. Department of Labor

# EXHIBIT A

| First Name | Last Name | Period Covered | Total Back Wages | Total Liquidated Damages | Total Due |
|---|---|---|---|---|---|
| Rigoberto | Carranza | 05/03/15 - 11/08/15 | $ 1,192.05 | $ 1,192.05 | $ 2,384.10 |
| David | Cifuentes | 08/09/15 - 01/15/17 | $ 5,479.63 | $ 5,479.63 | $ 10,959.26 |
| Jorge | Lopez-Aguilar | 10/27/14 - 12/28/14 | $ 443.02 | $ 443.02 | $ 886.04 |
| Gabino | Morales | 02/08/15 - 02/05/17 | $ 3,540.65 | $ 3,540.65 | $ 7,081.30 |
| Marvin | Orellana | 10/27/14 - 01/15/17 | $ 6,022.39 | $ 6,022.39 | $ 12,044.78 |
| Miguel | Orozco | 10/27/14 - 02/05/17 | $ 7,790.58 | $ 7,790.58 | $ 15,581.16 |
| Jose | Orozco | 02/08/15 - 01/15/17 | $ 5,201.36 | $ 5,201.36 | $ 10,402.72 |
| Juan | Ramirez | 10/27/14 - 12/28/14 | $ 163.86 | $ 163.86 | $ 327.72 |
| Enrique "Marcos" | Valladares | 10/27/14 - 01/22/17 | $ 1,088.74 | $ 1,088.74 | $ 2,177.48 |
| Oscar | Zuniga Caseres | 10/27/14 - 07/05/15 | $ 443.02 | $ 443.02 | $ 886.04 |
| | | **TOTAL** | **$ 31,365.30** | **$ 31,365.30** | **$ 62,730.60** |

EXHIBIT B

# LEGAL NOTICE TO ALL EMPLOYEES

To resolve a lawsuit brought by the Department of Labor, the United States District Court entered an Order forbidding Castle Recycling, (doing business as Venus Recycling), Mr. Ivan Santos Molina, and Mr. Adrian Barba Ramirez (doing business as Star Recycling) from violating the minimum wage and overtime requirements of the Fair Labor Standards Act. All employees who work in this establishment can help the employer not to violate the Court's Order.  **If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375.  Your name will be kept confidential.**

The Fair Labor Standards Act requires all employers to pay all employees minimum wage for all hours worked.  In addition, employees must be paid overtime, at a rate of time and one half times their hourly rate, for all hours worked over 40 in a workweek.  Employees earning hourly wages are entitled to overtime when they work over 40 hours.

All employees who are on the premises during business hours and are

available to work must be punched in on the time clock and must be paid for this time. Meal breaks of at least 30 minutes during which the employee is completely free from work are exempted from this requirement.

The **Fair Labor Standards Act** makes it illegal for employers to retaliate against employees who complain to the employer or Department of Labor about their pay or work hours.

# NOTICIA LEGAL A TODOS LOS EMPLEADOS

Para resolver una demanda presentada por el Departamento de Trabajo, el Tribunal Distrito de los Estados Unidos emitió una Orden prohibiendo Castle Recycling, (que opera como Venus Recycling), Mr. Ivan Santos Molina, and Mr. Adrian Barba Ramirez (quién opera como Star Recycling) de violar el salario minimo, los requisitos de las horas del sobre tiempo, las provisiones de investigación, y las provisiones contra la represalia de La Ley De Normas Justas De Trabajo. Todos los empleados que trabajan en este establecimiento pueden ayudar al empleador a no violar la Orden del Tribunal. **Si usted piensa que no le están pagando de acuerdo con la ley, llame al Sección de Horas y Sueldos del Departamento de Trabajo de los Estados Unidos a (213) 894-6375 y su nombre se mantendrá confidencial.**

La Ley De Norma Justas De Trabajo exige que todos los empleados deban ser pagados el sueldo mínimo por todas las horas trabajadas. Además, los empleados deban ser pagados el sobretiempo, a tiempo y medio de su tasa del pago regular, por todas las horas trabajadas en exceso de 40 en una semana laboral.

Todos los empleados que están en el establecimiento durante el horario laboral del negocio y están disponibles para trabajar deben estar ponchados en el reloj y deben ser pagados por este tiempo. Descansos para comer por lo menos de 30 minutos y que están completamente libre del trabajo no requiere ser pagados.

La Ley De Normas Justas De Trabajo y la Orden emitida por el Tribunal Distrito de los Estados Unidos han prohibido represalias contra cualquier empleado que se queja de su pago o horas de trabajo.

EXHIBIT C

| Payment No. | Due Date | Total Amount Due | Payment Type |
|---|---|---|---|
| Down Payment | 10 days after Court's Approval of Consent Judgment | $31,365.30 | Liquidated Damages |
| 1 | 6/1/2018 | $5,227.55 | Back Wages |
| 2 | 7/1/2018 | $5,227.55 | Back Wages |
| 3 | 8/1/2018 | $5,227.55 | Back Wages |
| 4 | 9/1/2018 | $5,227.55 | Back Wages |
| 5 | 10/1/2018 | $5,227.55 | Back Wages |
| 6 | 11/1/2018 | $5,227.55 | Back Wages |
| 6 | 11/1/2018 | $2,748.00 | CMPs |
| | **TOTAL:** | **$65,478.60** | |